UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTER HOA SOLUATIONS INC., <br><br>Plaintiff, <br><br>v. <br><br>CARMEN PENA; CASANET PROPERTY MANAGEMENT LLC, <br><br>Defendants. | Case No.: 3:24-cv-01781-JAH-MMP <br><br>**ORDER:** <br><br>**(1) CONSTRUING DEFENDANT'S MOTION TO DISMISS AS A MOTION FOR JUDGMENT ON THE PLEADINGS AND SETTING A BRIEFING SCHEDULE, (ECF No. 20);** <br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS, (ECF No. 23).** |

## INTRODUCTION

Pending before the Court are two motions brought by Defendant Carmen Pena ("Defendant"): (1) a motion to dismiss, and (2) a motion to stay all proceedings until the motion to dismiss is resolved. ECF Nos. 20, 23. Plaintiff Smarter HOA Solutions Inc. ("Plaintiff") has filed objections to both of Defendant's filings, requesting the Court to strike both of them. ECF Nos. 22, 24. Defendant was initially represented by counsel in this case, but the Court granted a joint motion to substitute attorney on May 7, 2025, which

allowed Defendant to proceed *pro se*. Defendant filed and signed both pending motions without the assistance of counsel.

## DISCUSSION

In Plaintiff's objection to Defendant's motion to dismiss, Plaintiff argues Defendant's motion (1) fails to follow Local Rules by failing to include a hearing date and time obtained from the Court, (2) the motion was filed while Defendant was still represented by counsel, and (3) the motion was untimely filed six months after Defendant filed an answer to the complaint. ECF No. 22 at 2.

As to the first two arguments, the Court is unpersuaded Defendant's failure to comply with the Local Rules warrants striking his motion in light of the liberal pleading standard afforded to *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is 'to be liberally construed'"); *see also* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Furthermore, Defendant filed a joint motion to substitute attorney more than two weeks before Defendant filed the motion to dismiss. While true the Court did not grant the substitution until one day after Defendant filed the motion to dismiss, the Court similarly does not find Defendant's premature filing should preclude hearing Defendant's motion to dismiss on the merits in light of Defendant's *pro se* status.

As to the third argument, it is true that motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added); *see also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made *before* the responsive pleading"). However, when a Rule 12(b)(6) motion is untimely filed, "a court may deny the motion to dismiss as untimely, or [it] may consider the Rule 12(b)(6) motion to dismiss as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Beery v. Hitachi Home Electronics (Am.), Inc.*, 157 F.R.D. 477, 479 (C.D. Cal. 1993) (citing *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470,

1474 (9th Cir. 1988)). A motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).

Considering the Court's obligation to liberally construe Defendant's filings, and the interests of justice weighing in favor of considering cases on the merits, the Court finds it most prudent to (1) construe Defendant's motion to dismiss as a motion for judgment on the pleadings and (2) establish a briefing schedule so Plaintiff has an opportunity to respond to Defendant's motion.

## CONCLUSION

IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss (ECF No. 20) will be construed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). A hearing date shall be set for August 27, 2025, at 2:30 p.m. in Courtroom 13B in the James M. Carter and Judith N. Keep Courthouse.
2. Plaintiff shall file a response no later than August 6, 2025.
3. Defendant may file a reply no later than August 13, 2025.

IT IS FURTHER ORDERED Defendant's motion to stay all proceedings is **GRANTED in part and DENIED in part**. ECF No. 23. All proceedings are to be stayed except for the discovery deadlines outlined in paragraph 2 of Judge Pettit's Order Following the July 11, 2025, Status and Discovery Conference. ECF No. 32. Specifically, IT IS ORDERED:

1. Defendant SHALL respond to the pending Requests for Admission and Interrogatories by **July 18, 2025**, and to the pending Requests for Production of Documents by **July 25, 2025**. Failure to do so may result in waiver of objections.
2. All other deadlines are stayed pending disposition of Defendant's motion for judgment on the pleadings.

DATED: July 21, 2025

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE