UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTER HOA SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> CARMEN PEÑA and CASANET PROPERTY MANAGEMENT LLC, <br><br> Defendants. | Case No.: 24-cv-01781-JAH-MMP <br><br> **ORDER DENYING IN SUBSTANTIAL PART MOTION FOR PROTECTIVE ORDER** <br><br> [ECF No. 34] |

  This action involves a non-competition and non-disclosure agreement entered between Plaintiff and Defendant Peña in connection with Plaintiff's purchase of Defendant Peña's business. ECF No. 1 ¶ 9. Relevant here, Plaintiff contends Defendant Peña violated the terms of the agreement by soliciting Plaintiff's customers and directly competing with Plaintiff. *Id*. ¶¶ 13–14. Plaintiff brings claims for breach of contract and related claims, conversion, and trade secret misappropriation under both the Defend Trade Secrets Act and California Civil Code section 3426. *See generally id.*

On July 21, 2025, the Honorable John A. Houston, District Judge, entered an order construing Defendant Peña's pending motion to dismiss, ECF No. 20, as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF No. 33. In the same Order, Judge Houston stayed all proceedings except two court-ordered discovery deadlines, which required Defendant Peña to respond to the pending Requests for Admission and Interrogatories by July 18, 2025 and to respond to pending Requests for Production of Documents by July 25, 2025. *Id.* Apart from these two deadlines, all other deadlines are stayed pending disposition of Defendant Peña's motion for judgment on the pleadings, which is set for hearing on August 27, 2025. *Id.*

On the same day the Court entered the Order staying the case, Defendant Peña filed a Notice of Motion and Motion for Protective Order, the Court's model protective order, a Declaration in support of the protective order, and Memorandum of Points and Authorities. ECF No. 34. Because Defendant Peña is proceeding pro se, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Defendant Peña's motion for protective order addresses both the validity of her non-complete agreement that is the subject of her motion for judgment on the pleadings as well as "the appropriate boundaries of discovery in this litigation." ECF No. 34 at 3. With respect to discovery, Defendant Peña argues generally discovery is improper because Plaintiff has failed to sufficiently identify the alleged trade secret as required by California Civil Procedure Code section 2019.210, despite several attempts to meet and confer. ECF No. 34-3 at 5.

I.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) authorizes a party from whom discovery is sought to "move for a protective order in the court where the action is pending[.]" Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1). "The burden is on the person seeking the protective order to demonstrate good cause." *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. 2020). The moving party must show "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–12 (9th Cir. 2002). "The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Grano*, 335 F.R.D. at 414.

"The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). If the motion "is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

//

//

//

## II.  ANALYSIS

Even construing the motion for protective order liberally (as the Court must for pro se litigants),[1] it is unclear precisely what discovery relief Defendant Peña seeks in light of the current stay of all deadlines in the proceeding, with two exceptions discussed below, pending disposition of Defendant Peña's motion for judgment on the pleadings.

The only two deadlines excepted from this stay were Defendant Peña's responses to then-pending Requests for Admission and Interrogatories by July 18, 2025 and to then-pending Requests for Production of Documents by July 25, 2025—deadlines this Court ordered following this July 11, 2025 Status and Discovery Conference with all parties. ECF Nos. 29, 31, 32. In her motion for protective order, Defendant Peña does not address whether she complied with these deadlines, nor does she identify any specific—or even general—discovery requests to which she seeks a protective order.

Rather, Defendant Peña appears to contend discovery generally is improper because Plaintiff has failed to comply with California Civil Procedure Code section 2019.210, which provides:

> In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act . . . before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.

Cal. Civ. Proc. Code § 2019.210. Defendant Peña asserts Plaintiff has failed to sufficiently identify the alleged trade secret as required by section 2019.210 despite several attempts to meet and confer. ECF No. 34 at 2, 34-5.

As a preliminary matter, the Court notes district courts are split on whether California Civil Procedure Code section 2019.210 applies in federal courts. Some district

---

[1] The motion is procedurally improper because, among other reasons, no leave of court was obtained prior to filing this motion. Civil Chambers Rule X(E) ("A motion seeking to resolve a discovery dispute requires advance permission from the Court.")

courts have found section 2019.210, and in particular, its "reasonable particularity" rules apply in federal court. *See Yeiser Rsch. & Dev., LLC v. Teknor Apex Co.*, No. 17-cv-1290-BAS-MSB, 2019 WL 2177658, at *3–4 (S.D. Cal. May 20, 2019); *Gabriel Techns. Corp. v. Qualcomm Inc.*, No. 08-cv-1992-AJB-MDD, 2012 WL 849167, at *3–4 (S.D. Cal. Mar. 13, 2012). Other federal courts have refused to apply state law trade secrets discovery rules in federal court, finding such laws conflict with the Federal Rules of Civil Procedure. *See Hilderman v. Enea TekSci, Inc.*, No. 05-cv-1049-BTM-AJB, 2010 WL 143440, at *2–3 (S.D. Cal. Jan 8, 2010); *Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, No. 13-cv-2856-JLS-RBB, 2015 WL 13828591, at *3 (S.D. Cal. July 30, 2015).

However, the Court need not reach this issue. The only two deadlines excepted from the stay have passed, and all remaining deadlines—including any other discovery-related deadlines—are stayed pending resolution of the pending motion for judgment on the pleadings. Accordingly, to the extent Defendant Peña seeks a protective order under Rule 26(c) from discovery generally based on Plaintiff's alleged failure California Civil Procedure Code section 2019.210, the Court **DENIES** the motion without prejudice. Defendant Peña may refile, as appropriate and in compliance with this Court's Chambers Rules, when the stay is lifted.

Defendant Peña's motion also includes a proposed version of the Court's model protective order. ECF No. 34-1. The Court construes this liberally as a request for entry of the Court's model protective order and **GRANTS** the request. The Court will provisionally enter its model protective order pending resolution of the motion for judgment on the pleadings. In the event Plaintiff or Defendant Casanet Property Management LLC have any objections to the model protective order, the Court will provide them an opportunity to raise objections, as appropriate, following District Judge Houston's resolution of the motion for judgment on the pleadings.

Finally, to the extent the motion for protective order addresses the legality and enforceability of the nondisclosure and non-compete agreements, Defendant Peña shall

raise any arguments regarding this issue in connection with her briefing on the pending motion for judgment on the pleadings.

### III. CONCLUSION

For the above reasons, the Court **DENIES IN SUBSTANTIAL PART** Defendant Peña's motion for protective order, ECF No. 34.

**IT IS SO ORDERED**.

Dated:  August 8, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge