UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTER HOA SOLUTIONS INC., <br> Plaintiff, <br><br> v. <br><br> CARMEN PEÑA; CASANET PROPERTY MANAGEMENT LLC, <br> Defendants. | Case No. 24-cv-01781-JAH-MMP <br><br> **ORDER DENYING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION** <br><br> **[ECF No. 35]** |

Before the Court is Defendant Casanet Property Management LLC's ("Casanet") Motion for Good Faith Settlement Determination between Defendant Casanet and Plaintiff Smarter HOA Solutions Inc. ("HOA") (collectively, the "Settling Parties") pursuant to Cal. Code of Civ. Proc. § 877.6.  ECF No. 35-1 ("Motion").

Defendant Carmen Peña, proceeding pro se, opposes the motion and Defendant Casanet has filed a reply.  ECF Nos. 44 ("Response"), 46 ("Reply").  Plaintiff HOA separately filed a declaration in response to Defendant Peña's opposition.  ECF No. 45.

For the reasons discussed below, the Motion is **DENIED**.

## I.   BACKGROUND

This action arises from Plaintiff HOA's suit to enforce a Non-Competition and Non-Disclosure Agreement (the "Agreement") between Plaintiff HOA and Defendant Peña, the former co-owner and a former employee of HOA, based on allegations that Defendant Peña revealed certain confidential, customer information, and/or trade secret

information to Defendant Casanet.  Plaintiff HOA also seeks damages based on allegations that, following the termination of Defendant Peña employment with HOA, Defendant Peña unlawfully retained HOA's company property.

On October 4, 2024, Plaintiff HOA filed suit against Defendant Peña and Defendant Casanet asserting claims for (1) Breach of Written Non-Competition and Non-Disclosure Agreement; (2) Conversion; (3) Intentional Interference with Contractual Relations; (4) Intentional Interference with Prospective Economic Advantage; (5) Trade Secret Misappropriation Under the Defend Trade Secrets Act under18 U.S.C. § 1836; and, (6) Misappropriation of Trade Secrets under Cal. Civ. Code §3426.  Plaintiff HOA alleges all six causes of action against Defendant Peña and Counts 3-6 against Defendant Casanet.

On May 6, 2025, Defendant Peña moved for judgment on the pleadings arguing, *inter alia*, the Agreement is void and unenforceable under California state law.  ECF No. 20.  On July 21, 2025, this Court stayed all proceedings in this case, except for the deadline for Defendant Peña to respond to Plaintiff HOA and Defendant Casanet's pending discovery requests, pending this Court's determination of Defendant Peña's pending motion for judgement on the pleadings.  ECF No. 33 ("Order").[1]

On July 24, 2025, the Settling Parties filed the instant Motion.  On August 29, 2025, this Court set a briefing schedule requiring Defendant Peña to respond by September 10, 2025, and Defendant Casanet to reply by September 17, 2025.  ECF No. 43.[2]  Both Defendant Peña and Defendant Casanet timely filed their briefs by their respective deadlines.  ECF Nos. 44, 46.  Plaintiff HOA filed a declaration in response to Defendant Peña's opposition on September 11, 2025.  ECF No. 45.

---

[1] The Court also construed the motion, which was originally styled as a motion to dismiss, as a motion for judgment on the pleadings.  ECF No. 33.

[2] The Motion was originally filed with a hearing date that was not confirmed by the Court as required under Civil Local Rule 7.1(b).  ECF No. 43.

On October 23, 2025, Defendant Casanet and Plaintiff HOA filed a Stipulation Regarding Confidential Client List informing the Court that Plaintiff HOA will provide counsel for Casanet a list of "Do Not Call" clients, consisting of HOA's existing clients, and which counsel for Casanet shall not share with Casanet, so that the parties may proceed under the tentative terms of the proposed good faith settlement filed pursuant to the instant Motion.  ECF No. 48.

On March 27, 2026, this Court issued an order granting in part and denying in part Defendant Peña's motion for judgment on the pleadings and lifting the stay on proceedings in this case.  ECF No. 51.

## II.  DISCUSSION

Defendant Casanet argues the proposed settlement is fair, reasonable, and made in good faith pursuant to California Code of Civil Procedure § 877.6.  Mot. at 5. Defendant Peña opposes the Motion, arguing the settlement 1) improperly attempts to enforce the Agreement, which is void and unenforceable under Cal. Bus. & Prof. Code §16600, 2) is frivolous, in bad faith, and causes harm to Defendant Peña, and 3) improperly binds non-parties, including Defendant Peña and her immediate family members.  Resp. at 2.

In response, Defendant Casanet argues that 1) section 16600 is inapplicable to the determination of good faith settlements under section 877.6, but even if it was, the Settlement does not violate section 16600; 2) Defendant Peña fails to articulate a sufficient legal basis in support of her opposition under the applicable standard; 3) the Settlement is only enforceable against the Settling Parties and does not bind non-parties; and, 4) the Settlement is based on good faith negotiations and promotes judicial economy and California public policy.

**A.  Defective Notice Under Fed. R. Civ. P. 7(B)(1)**

In response to Defendant Peña's opposition to the instant Motion, Plaintiff HOA filed a declaration requesting that, should the Court consider the merits of Defendant Peña's opposition to the instant Motion, the Court should compel Defendant Peña to

comply with this Court's Order ordering Defendant Peña to respond to the pending discovery requests or, in the alternative, to lift the stay so that Plaintiff HOA can file a motion for sanctions to help the Court evaluate Defendant Peña's opposition. Decl. ¶ 10. Plaintiff HOA explains that it filed the declaration rather than a noticed motion due to the Court's stay of all proceedings in this matter, Decl. ¶ 9, and that such relief is necessary to avoid prejudice to the Settling Parties from Defendant Peña's "refusal to respond to discovery in opposing the motion herein," Decl. ¶¶ 8, 10.

As an initial matter, the Court notes that it can properly consider the merits of Defendant Peña's opposition without taking further action as requested by Plaintiff HOA given that Defendant Peña filed her opposition pursuant to the briefing schedule set by this Court. ECF No. 43. The Court further reiterates its September 23, 2025, order taking the Motion under submission and deeming the Motion suitable for adjudication without oral argument. ECF No. 47. Accordingly, the Court rejects Plaintiff HOA's argument that further action is needed to properly consider Defendant Peña's opposition to the instant Motion.

Second, and more importantly, the Court holds that a declaration is not the proper medium for Plaintiff HOA's requested relief. *See* Fed. R. Civ. P. 7(B)(1) ("A request for a court order must be made by motion."). Notwithstanding the stay issued by the Court, which was lifted on March 27, 2026, Plaintiff HOA could have joined Defendant Casanet in replying to Defendant Peña's opposition or separately filed a noticed motion seeking leave to properly file a motion for the requested relief.

As filed, Plaintiff HOA's request is not properly pled because it does not provide sufficient legal or factual support necessary for the Court to evaluate Plaintiff HOA's requested relief. For example, in requesting that this Court enforce its Order compelling Defendant Peña to respond to the pending discovery requests, Plaintiff HOA simultaneously alleges that Defendant Peña "refuses to comply with the discovery requests" and that she has "provided incomplete responses" and "boilerplate objections" to Plaintiff HOA's discovery requests. Decl. ¶¶ 6-8. Given that Plaintiff HOA seems

to allege a challenge to the *sufficiency* of Defendant Peña's responses rather than relief for Defendant Peña's failure to comply with this Court's order *in toto*, such a challenge to the sufficiency of Defendant Peña's responses requires Plaintiff HOA to follow the proper procedures, pursuant to Rule 37 and CivLR 26.1, requiring Plaintiff HOA to file a noticed motion following a good faith effort to meet and confer with Defendant Peña and affording Defendant Peña the proper opportunity to respond. *See* Fed. R. Civ. P. 7(B)(1), 37; CivLR 26.1.

In light of the foregoing, including that the stay of proceedings has been lifted and Plaintiff HOA is not precluded from filing the appropriate motion, the Court finds it inappropriate to construe Plaintiff HOA's declaration as a motion for purposes of assessing the merits thereto. The Court shall consider the merits of any such motion when properly filed according to the appropriate legal standards and offers of proof.

Thus, to the extent Plaintiff HOA moves for an order as requested in its declaration, the request is DENIED for failure to comply with the federal rules and this Court's local rules. Fed. R. Civ. P. 7(B)(1); CivLR 26.1.

For the same reasons, the Court shall not consider the substance of Plaintiff HOA's declaration in assessing the merits of the instant Motion.

**B.  Legal Standard**

Section 877 of the California Code of Civil Procedure permits a court to approve a settlement if it determines the settlement was made in good faith. Cal. Civ. Proc. Code § 877. The statute provides, in pertinent part:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given *in good faith* before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever

is the greater.

(b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.

*Id.*  A determination that the settlement was made in good faith bars any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution or partial or comparative indemnity.   Section 877.6 establishes the process by which a party may move for a determination of good faith settlement.  Cal. Civ. Proc. Code. § 877.6.

Given that Defendant Peña is appearing pro se, the Court will "liberally construe" Defendant Peña's pleadings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed pro se is 'to be liberally construed'"); *see also* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## 1.    Federal Court Jurisdiction

The Ninth Circuit has held that, even where a settlement agreement provides that California law applies, substantive, but not procedural, provisions of section 877.6 apply in federal court to determine whether a party entered into a settlement agreement governed by California law in good faith.  *Fed. Sav. & Loans Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) (citing *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc*,. 698 P.2d 159, 166-167 (Cal. 1985)).  Here, the Settling Parties move for a good faith determination pursuant to California law.   Cal. Code of Civ. Proc. § 877.6. Accordingly, the Court finds it has jurisdiction to review the proposed settlement at issue here to determine whether it was made in good faith.

## 2.    Cal. Civ. Proc. Code. § 877.6

In *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, the California Supreme Court established that a settlement is made in "good faith" under section 877.6 if "the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries."  698 P.2d 159,

166-167 (Cal. 1985). The court enumerated six factors courts should consider in determining whether a settlement was made in good faith:

1) A rough approximation of the plaintiff's total recovery and the settlor's proportionate liability;

2) The amount paid in settlement;

3) The allocation of settlement proceeds among plaintiffs;

4) A recognition that a settlor should pay less in settlement than if found liable after trial;

5) The financial conditions and insurance policy limits of settling defendants; and,

6) Whether there is evidence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

*Id.* According to the court, the "reasonable range" test "leaves substantial latitude to the parties and to the discretion of the trial court" to determine whether a settlement is made in good faith. *Id.*

A good faith determination under section 877.6 is both "fact-sensitive and discretionary," *Shawmut Bank, N.A. v. Kress Assoc.*, 33 F.3d 1477, 1504 (9th Cir. 1994), and must be made "on the basis of information available at the time of settlement." *Tech-Bilt*, 698 P.2d at 166-167 ("[A] defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be."). A party objecting to a determination of good faith settlement under section 877.6 has the burden of proof to demonstrate "the settlement is so far 'out of the ballpark' . . . as to be inconsistent with the equitable objectives of the statute," which are "the encouragement of settlements and the equitable allocation of costs among multiple tortfeasors." *Id.* (rejecting a definition of "good faith" premised on "the absence of tortious conduct").

### 3. Cal. Bus. & Prof. Code § 16600

Defendant Peña argues that before reviewing whether the proposed Settlement is

valid under *Tech-Bilt*, the Court must first consider whether the terms of the proposed Settlement render it void under California law.  Reply at 2.  Defendant Casanet argues that Defendant Peña's reliance on section 16600 is misplaced because the statute has no bearing on the determination of good faith settlements under section 877.6.

As an initial matter, the Court agrees with Defendant Peña that the Court must begin by considering whether the no-hire provisions are enforceable under Cal. Bus. & Prof. Code §16600.  The Court finds they are not.

As previously explained by this Court, the prohibitions established by section 16600 are not limited to noncompetition agreements or covenants not to compete located in employment agreements.  *See* ECF No. 51 at 7 (citing *Golden v. Cal. Emerg. Physicians Med. Grp.* (*Golden I*), 782 F.3d 1083, 1092 (9th Cir. 2015) (holding that section 16600 extends to contracts beyond noncompetition agreements).  Rather, they "extend[] to any 'restraint of a substantial character,' no matter its form or scope." *Golden I*, 782 F.3d at 1092.  In fact, in *Golden I*, the Ninth Circuit reversed the district court's order enforcing a settlement agreement in an employment discrimination action, holding that the district court abused its discretion by categorically excluding the settlement agreement from the ambit of § 16600 solely on the ground that it did not constitute a covenant not to compete.  *Id.* at 1093.  Outside of an employment context, both the California Supreme Court and the Ninth Circuit have confirmed that section 16600 applies to contractual restraints on business operations and commercial dealings, subject to review under a "rule of reason" standard.  *See Ixchel Pharma, LLC v. Biogen, Inc.*, 470 P.3d 571, 582 (Cal. 2020); *see also Ixchel Pharma, LLC v. Biogen, Inc.*, 930 F.3d 1031, 1035-37 (9th Cir. 2019), *cert. question answered*, 470 P.3d 571 (Cal. 2020). Accordingly, the Court rejects Defendant Casanet's argument that section 16600 has no bearing on this Court's determination that the settlement was made in good faith.

Relevant here, the Settlement agreement contains the following provisions:

(E) CASANET will not solicit or enter into contracts with a SMARTER HOA customer **for the period of Carmen Peña's non-compete term** in

Riverside County or San Diego County (through 11:59 p.m. on June 23, 2028). Should any SMARTER HOA inquire or contact CASANET for HOA management services prior to June 23, 2028, then CASANET will reply that it is unable to assist [the Customer] at this time. This applies to CASANET and/or any other company owned and operated by CASANET's owners, officers, members, shareholders to prevent "going around" the settlement agreement and competing by using another company name to do the work CASANET is currently performing.

(F) SMARTER HOS will provide a "no call list" of clients which will be provided confidentially to CASANET. Counsel will add terms to the settlement agreement that will protect the list of clients from being used for any purpose other than for use of complying with the settlement agreement. This will involve signature on the settlement agreement or confidentiality Agreements by any person who will be referring to the list. Any future disclosure of said list to third parties will not be covered by the Civil Code §1542 waiver and may be subject to a separate legal action.

(G) **CASANET will not hire or retain Carmen Peña or any of her immediate family members in any capacity (spouse, domestic partner, siblings, parents, children, if any) or take any action which causes Carmen Peña to violate the terms of the non-competition agreement between Carmen Peña and SMARTER HOA**.

(H) **CASANET will not provide funding to Carmen Peña for any reason related to work in HOA**.

(I) CASANET may retain its existing HOA customers, Verona Homeowners' Association, Arboretum Homeowners' Association, and Orangewood Villas Homeowners' Association.

ECF No. 35 at 3 ("Settlement") (emphasis added).

Defendant Casanet admits that "the proposed settlement agreement contains a no-hire provision," but argues "this term is not illegal" because the "no-employment term in the settlement agreement does not restrict Peña from practicing her profession generally" or "impose any restrictions on Peña's ability to engage in her profession with other competitors" and "is solely a resolution of the claims between Smarter HOA and Casanet." Reply at 3. Defendant Casanet further argues that the "proposed Settlement Agreement does not restrict Peña, her family members, or any other non-party from competing or conducting business in their chosen fields," "does not enforce a non-

compete or non-solicitation provisions between Defendant Casanet and Defendant Peña," and does not "attempt[] to bind non-parties, including [Defendant Peña's] family members," including because Defendant Peña has failed to present evidence regarding any impacts of the Settlement on her current or future employment. Reply at 3, 5.

By their plain terms, the Court finds that, contrary to Defendant Casanet's arguments, these provisions of the proposed Settlement categorically fall under the purview of section 16600 given that, at a minimum, they affect Defendant Peña and her family's rights to be employed in the future and thereby implicate "policy considerations specific to employment mobility and competition." *Ixchel*, 470 P.3d at 587 (citing *Edwards v. Arthur Andersen LLP*, 189 P.3d 285, 292 (Cal. 2008)). Accordingly, the Court must now consider whether the terms of the Settlement should be reviewed under the "substantial restraint" standard, which governs employee noncompete agreements, or the "rule of reason" standard governing business operations. *Golden v. Cal. Emerg. Physicians Med. Grp.* (*Golden II*), 896 F.3d 1018, 1026 (9th Cir. 2018); *Ixchel*, 470 P.3d at 587.

In *Ixchel Pharma, LLC v. Biogen, Inc.*, as a matter of first impression, the California Supreme Court considered whether section 16600 applied to evaluate the validity of a corporate defendant's settlement provision requiring another company to terminate its existing collaboration agreement with the corporate plaintiff. 470 P.3d at 573. The court found that it did, holding that the court's existing precedent supports a reading of section 16600 that "applie[s] a reasonableness standard to contractual restraints on business operations and commercial dealings," notwithstanding the court's landmark ruling in *Edwards v. Arthur Andersen LLP* "strictly interpreting section 16600 to invalidate noncompetition agreements following the termination of employment or sale of interest in a business." 470 P.3d at 588 (citing *Edwards*, 189 P.3d at 292). The *Ixchel* court explained:

> [T]he rationale in *Edwards* focused on policy considerations specific to employment mobility and competition: The law protects Californians and

ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice. It protects the important legal right of persons to engage in businesses and occupations of their choosing.

*Id.* at 587 (internal citations and quotations omitted). Accordingly, the court concluded that "[w]e do not disturb the holding in *Edwards* and other decisions strictly interpreting section 16600 to invalidate noncompetition agreements *following the termination of employment or sale of interest in a business*." *Id.* at 588 (emphasis added).

Here, Defendant Casanet admits that the Settlement contains a no-hire provision as to Defendant Peña and that the purpose of the Settlement is to resolve "the claims between Smarter HOA and Casanet," some of which stem from allegations that Defendant Peña breached the noncompetition and nonsolicitation clauses of the Agreement by working with or providing services to Defendant Casanet. The proposed Settlement expressly states that "CASANET will not . . . take any action which causes Carmen Peña to violate the terms of the non-competition agreement between Carmen Peña and SMARTER HOA" and that "CASANET will not solicit or enter into contracts with a SMARTER HOA customer for the period of Carmen Peña's non-compete term." Moreover, Defendant Casanet admits that, although Defendant Peña was previously employed by Plaintiff HOA, neither she nor her immediate family members have ever been employed by Defendant Casanet. Reply at 3, 5.

Taking these facts as true, it follows that the terms of the proposed Settlement directly foreclose Defendant Peña and her immediate family members' future employment opportunities with Defendant Casanet "in any capacity" and without any limitations, and indirectly through its application to "any other company owned and operated by CASANET's owners, officers, members, shareholders to prevent "going around" the settlement agreement and competing by using another company name to do the work CASANET is currently performing." Thus, although the Settlement impacts the commercial dealings between Defendant Casanet and Plaintiff HOA, the challenged terms of the proposed Settlement stem from and seek to implement the terms of "[the

11

Agreement] *following the termination of employment or sale of interest in a business*." Independently from the Agreement, the Court also finds the challenged terms of the proposed Settlement also implicate the policies of open competition and employee mobility because they impact the present and future employment opportunities of Defendant Peña and her immediate family members. *Golden II*, 896 F.3d at 1024 (citing *Edwards*, 189 P.3d at 291). Accordingly, the Court finds the challenged terms of the proposed Settlement must therefore be reviewed under the "substantial restraint" standard of *Edwards* rather than the rule of reason standard in *Ixchel*.

As previously discussed by this Court, a contractual restraint qualifies as a "restraint of substantial character" if the restraint "significantly or materially impedes a person's lawful profession, trade, or business." ECF No. 51 at 7 (quoting *Golden II*, 896 F.3d at 1024); *see also Int'l Bus. Machs. Corp. v. Bajorek*, 191 F.3d 1033, 1041 (9th Cir. 1999) ("We are not free to read California law without deferring to our own precedent on how to construe it."). "To meet this standard, a provision need not completely prohibit the business or professional activity at issue, nor does it need to be sufficient to dissuade a reasonable person from engaging in that activity." *Golden II*, 896 F.3d at 1024 (citing *Edwards*, 189 P.3d at 292). Rather, "its restraining effect must be significant enough that its enforcement would implicate the policies of open competition and employee mobility that animate section 16600." *Id.* (citing *Edwards*, 189 P.3d at 291). Because "a restraint can be 'substantial' even if it is reasonable and even if it is narrow," a contractual restraint will rarely be "so insubstantial that it escapes scrutiny under section 16600." *Id.* at 1023-24 (citing *Edwards*, 189 P.3d at 290-293).

As discussed, here, Defendant Casanet argues that even though the Settlement contains a no-hire provision, the term is not "illegal" under section 16600 because it falls within the exception of section 16601, is solely a resolution of the claims between the Settling Parties, and does not impose restrictions on Defendant Peña or her family member's ability to engage in their profession with other competitors. Reply at 2-3.

For reasons already discussed, the Court rejects Defendant Casanet arguments

and finds that the "restraining effect" of the challenged provisions is "significant enough that its enforcement would implicate the policies of open competition and employee mobility that animate section 16600." *Edwards*, 189 P.3d at 291; *see also VL Sys., Inc. v. Unisen, Inc.*, 61 Cal. Rptr. 3d 818, 825 (Cal. Ct. App. 2007) (finding a no-hire provision between two businesses void because the "no-hire provision goes far beyond what is necessary to protect [the business's] legitimate interests and results in a situation where the opportunities of employees are restricted without their knowledge and consent"). Given that the proposed Settlement is not related to the sale of a business as required under section 16601, the Court finds the proposed Settlement violates section 16600 without exception. *See Edwards*, 189 P.3d at 297; *see also* ECF No. 51 at 9–16 (analyzing § 16601 and discussing *Fillpoint, LLC v. Maas*, 146 Cal. Rptr. 3d 194, 204 (Cal. Ct. App. 2012) which found a noncompetition covenant made pursuant to the sale of a business was void as inconsistent with the terms and purposes of § 16601).

In addition, to the extent the proposed Settlement enforces the terms of the Agreement, the Court adopts the holding in its previous order in finding that the proposed Settlement is void under § 16600. ECF No. 51 at 18; *see also Silguero v. Creteguard, Inc.*, 113 Cal. Rptr. 3d 653, 660-661 (Cal. Ct. App. 2010), *as modified on denial of reh'g* (Aug. 16, 2010) (holding "[a business] should not be allowed to accomplish by indirection that which it cannot accomplish directly" upon finding an "understanding" between two businesses "tantamount to a no-hire agreement" and therefore unenforceable because it "unfairly limit[s] the mobility of an employee," as prohibited under section 16600) (internal citations and quotations omitted).

In sum, although Defendant Peña fails to argue why the proposed Settlement is not made in "good faith" under the *Tech-Bilt* factors, the Court finds it unnecessary to evaluate those factors at this time in light of the Court's holding that, even if the proposed Settlement was made in "good faith" pursuant to Cal. Civ. Proc. Code. § 877.6, the proposed Settlement is unenforceable under Cal. Bus. & Prof. Code § 16600. Moreover, while the Court considers California public policy in favor of encouraging

settlements, as well as this Court's interest in judicial economy, the Court finds California's strong public policy of permitting employees the right to pursue a lawful occupation of their own choice outweighs any policy considerations in favor of promoting settlements and judicial economy.

## III.  CONCLUSION

Defendant Peña has met her burden to demonstrate that, in its current form, the proposed Settlement is unenforceable under California state law and public policy.

Accordingly, the Court HEREBY ORDERS the Settlement is VOID and UNENFORCEABLE pursuant to Cal. Bus. & Prof. Code § 16600.  IT IS FURTHER ORDERED the motion for good faith settlement is DENIED.

DATED: March 27, 2026    _____

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE