UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTER HOA SOLUTIONS INC.,<br>Plaintiff,<br>v.<br>CARMEN PEÑA and CASANET PROPERTY MANAGEMENT LLC,<br>Defendants. | Case No.: 24-cv-1781-JAH-MMP<br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT PEÑA**<br>[ECF No. 60] |

Pending before the Court is Plaintiff Smarter HOA Solutions, Inc.'s ("HOA") Motion to Compel Discovery from Defendant Carmen Peña ("Peña"). ECF No. 60. Peña, proceeding pro se, filed an opposition, and HOA filed a reply. ECF Nos. 64, 65. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 61. For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** HOA's motion.

## I. RELEVANT BACKGROUND

The background of this case is discussed in detail in the Court's prior Orders. *See* ECF Nos. 38, 51, 52, 67. HOA filed this action against Defendants Peña and Casanet Property Management LLC ("Casanet") seeking to enforce a Non-Competition and Non-

Disclosure Agreement (the "Agreement") against Peña, a former co-owner and employee of HOA. ECF No. 1. District Judge John A. Houston has since found the Agreement void and unenforceable under California law and granted judgment in Peña's favor on HOA's first cause of action for breach of the Agreement. ECF No. 51 at 20.

What remains is HOA's contention that, after Peña's employment ended, she unlawfully retained HOA's property and disclosed confidential customer and/or trade secret information to Casanet. *See* ECF No. 1; ECF No. 51 at 18–19. HOA's five remaining causes of action against Peña are for (2) Conversion, (3) Intentional Interference with Contractual Relations, (4) Intentional Interference with Prospective Economic Advantage, (5) Trade Secret Misappropriation Under the Defend Trade Secrets Act ("DTSA") under 18 U.S.C. § 1836, and (6) Misappropriation of Trade Secrets under California Civil Code section 3426 ("CUTSA"). ECF No. 51 at 19.

**A. Discovery Background**

At the outset, the Court notes that although HOA contends Peña waived all objections based on untimely responses, HOA's motion is devoid of any specific dates for the allegedly untimely responses at issue. *See* ECF No. 60 at 6–7. Such deficient briefing is not helpful to the parties or the Court. *See, e.g.*, *Christian Legal Soc. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs." (citation omitted)); *Agarwal v. Oregon Mut. Ins. Co.*, No. 11-cv-1384-LDG, 2013 WL 211093, at *3 (D. Nev. Jan. 18, 2013) ("It is not the responsibility of the judiciary to sift through scattered papers in order to manufacture arguments for parties." (citation modified)).[1]

Nevertheless, in piecing together the relevant timeline, the Court sets forth the following:

---

[1] It is also noted HOA's briefing repeatedly misidentifies District Judge Houston's name as Judge "Hughes" throughout. ECF No. 60 at 5, 7, 10, and 18; ECF No. 65 at 2.

On March 26, 2025, HOA served the Requests for Production ("RFPs") at issue on Peña via her counsel.[2] ECF No. 60-4 at 11. According to HOA, Peña's "responses were due 30 days later in late April, 2025." ECF No. 60-1 ¶ 8. Though HOA does not identify any specific date, the deadline under Federal Rule of Civil Procedure ("Rule") 34 was April 25, 2025. *See* Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served[.]").

On March 31, 2025, HOA's counsel was informed Peña's attorney would be leaving his law firm but would remain on the case. ECF No. 60-1 ¶ 9. The following day, on April 1, 2025, the parties appeared for a conference before the undersigned judge. ECF No. 17. HOA agreed to provide Peña an extra seven days to respond to the pending RFPs, extending her deadline to May 2, 2025. *See* ECF No. 60-1 ¶ 10.

On April 30, 2025, Peña filed a Consent Order Granting Substitution of Attorney indicating counsel would be withdrawing and Peña would proceed pro se, subject to the Court's approval. ECF No. 19.[3] On May 6, 2025, Peña filed a pro se Motion to Dismiss. ECF No. 20. The following day on May 7, 2025, Judge Houston granted the substitution of counsel. ECF No. 21. Peña has proceeded pro se in this case since.

On May 8, 2025, HOA's counsel initiated meet and confer efforts with Peña directly. ECF No. 60-1 ¶ 13. HOA's counsel advised Peña due to her untimely responses, Peña's "objections had been waived[.]" *Id.* ¶ 16. The parties agreed that upon HOA's resending all the discovery previously served on counsel, Peña would respond the following week on May 20, 2025, though HOA reiterated its position that "all [Peña's] objections were waived." *Id.* ¶¶ 16–17.

---

[2] HOA also served other written discovery the same day. *See* ECF Nos. 60-3 at 10; 60-5 at 9. Because HOA's motion seeks to compel RFPs only, the Court focuses its analysis accordingly.

[3] HOA's counsel states she was served with this order on May 1, 2025. ECF No. 60-1 ¶ 11. The docket reflects she received electronic notice via CM/ECF on April 30, 2025. *See* ECF No. 19; CivLR 5.4(d).

On May 19, 2025, Peña served responses to all three sets of outstanding discovery, though HOA disputes the sufficiency of the responses. ECF Nos. 60-1 ¶ 18; 60-6. The same day, HOA's counsel emailed Peña "asserting numerous waived objections were made in bad faith." ECF No. 60-1 ¶ 19.

On May 21, 2025, Peña filed motion to stay all proceedings. ECF No. 23.

On June 10, 2025, the parties appeared before this Court for a Status Conference. ECF No. 25. The Court, among other things, granted HOA's oral motion for leave to file a motion to compel discovery responses from Peña. ECF Nos. 27, 28.

On July 11, 2025, the parties appeared again before this Court for a Status Conference. ECF No. 29. During the conference, Peña moved to extend her deadline to serve supplemental responses. ECF No. 31. On July 14, 2025, the Court ordered in relevant part:

> The Court **GRANTS** Defendant Peña's request for an extension of time to respond to Plaintiff's . . . written discovery requests. ECF No. 31. Defendant Peña **SHALL** respond to the pending Requests for Admission and Interrogatories by **July 18, 2025** and to the pending Requests for Production of Documents by **July 25, 2025**. Failure to do so may result in waiver of objections.

ECF No. 32 ¶ 2.

On July 21, 2025, District Judge Houston entered an order construing Peña's pending Motion to Dismiss, ECF No. 20, as a motion for judgment on the pleadings under Rule 12(c). ECF No. 33. In the same Order, Judge Houston granted in part Peña's motion to stay, ECF No. 23, staying all proceedings except the two court-ordered deadlines to respond to the pending Interrogatories and RFAs by July 18, 2025 and the RFPs by July 25, 2025. ECF No. 33 at 3. Judge Houston reiterated "Failure to [comply with the two discovery deadlines] may result in waiver of objections." *Id.* Apart from these two deadlines, all other deadlines were stayed pending disposition of Peña's Motion for Judgment on the Pleadings. *Id.*

Peña timely served supplemental responses to the RFPs on July 25, 2025. ECF No. 60-1 ¶¶ 30, 33; *see* ECF No. 60-11.

After the stay was entered, Peña filed a motion for protective order asserting generally discovery was improper because HOA had failed to sufficiently identify the alleged trade secret as required by California Civil Procedure Code section 2019.210. ECF No. 34 at 2. On August 8, 2025, the Court entered its model stipulated protective order and otherwise denied Peña's motion without prejudice in light of the then-existing stay, as the only two deadlines excepted from the stay had already expired. ECF No. 38 at 5; ECF No. 40. The Court stated "Peña may refile, as appropriate and in compliance with this Court's Chambers Rules, when the stay is lifted." ECF No. 38 at 5.

On March 27, 2026, the Court issued an order granting in part and denying in part Peña's Motion for Judgment on the Pleadings. ECF No. 51. The Court found the Agreement void and unenforceable as a matter of law under California Business and Professions Code section 16600 and pursuant to California's strong public policy of permitting employees the right to pursue a lawful occupation of their choice. *Id.* at 18. Accordingly, the Court granted judgment on the pleadings in favor of Peña as to HOA's first cause of action for breach of the Agreement. *Id.*[4]

Following this decision and the lifting of the stay, the Court held a Case Management Conference on April 9, 2026. ECF No. 56. The Court once again permitted HOA to file a motion to compel discovery from Peña and stayed discovery between HOA and Casanet

---

[4] Also on March 27, 2026, the Court denied Casanet's motion for good faith settlement determination, finding the proposed settlement was void and unenforceable under California Business and Professions Code section 16600. ECF No. 52 at 13–14. Casanet has filed a renewed motion for good faith settlement, which is pending before the District Judge. ECF No. 54. On July 31, 2026, District Judge Houston ordered supplemental briefing regarding the renewed motion, and on August 17, 2026, Casanet filed their briefing. ECF Nos. 67, 68.

pending disposition of Casanet's Renewed Motion for Good Faith Settlement Determination. ECF Nos. 54, 56.[5]

### B. HOA's Motion to Compel

On May 7, 2026, HOA filed the instant Motion to Compel further RFP responses and production of documents from Peña. ECF No. 60. HOA contends "[a]ll objections had been waived first by defendant's failure to answer timely and then by two subsequent court orders by Judge [Houston] and Judge Pettit." ECF No. 60 at 10 (citing ECF Nos. 32, 38).[6] In the accompanying declaration from counsel, HOA claims it has "not received a single document responsive to the [RFPs]" and counsel has been meeting and conferring on the issues raised "for twelve months." ECF No. 60-1 ¶¶ 39, 40. HOA seeks numerous monetary and other sanctions, such as striking Peña's answer, terminating sanctions, and granting default judgment, for evading attempts to meet and confer for twelve months, asserting waived and boilerplate objections, "refusing to comply with two separate court orders to respond to the [RFPs] herein," and refusing to produce a single document. ECF No. 60 at 19–20.

In opposition, Peña asserts in light of Judge Houston's ruling invalidating the Agreement, "there is no legally cognizable interest left to discover." ECF No. 64 at 3 (emphasis omitted). Peña also appears to argue Casanet's motion for a good faith settlement further extinguishes the claims and discovery available to HOA from Peña. *Id.* As a result, Peña contends "the requested discovery is neither relevant nor proportional to any legitimate legal need under Rule 26." *Id.* at 9 (emphasis omitted). Peña further asserts HOA's requests are "oppressive," and represents the discovery has required her "to divert

---

[5] Peña filed a motion for sanctions, which is pending before the District Judge. ECF No. 55.

[6] HOA incorrectly cites to ECF No. 38, Judge Pettit's denial of the protection order motion. It appears HOA should have referenced Judge Houston's Order related to Peña's Motion to Stay, ECF No. 33.

an immense volume of personal hours and labor, inflicting severe and ongoing financial and professional attrition upon [her].” *Id.* at 2, 10 ¶ 6. In addition, Peña reasserts her objection that HOA has failed to identify the alleged trade secret with “reasonable particularity” as required by California Civil Procedure Code section 2019.210. *Id.* at 6. Peña contends HOA’s request for sanctions is premature, and the Court should decline to award discovery sanctions or fees against a pro se litigant. *Id.* at 8–9.

In reply, HOA contends Peña’s “belated demand for identification of trade secrets was waived and has already been denied multiple times.” ECF No. 65 at 6. HOA cites Judge Houston’s July 21, 2025 Order, arguing “the court already ruled that deadlines regarding the [RFPs] responses at issue had already passed. Therefore, it is too late to bring this issue up now. Furthermore, Peña never refiled any motion for protective order and if she had, it would not apply to the [RFP] herein.” *Id.* at 8.

## II. LEGAL STANDARD

Rule 26(b)(1) establishes the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party’s claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties’ relative access to relevant information, the parties’ resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

“Information within this scope of discovery need not be admissible in evidence to be discoverable.” *Id.*

Rule 34 authorizes a party to request the production of documents from another party within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). When responding to a request under Rule 34, a party must produce all relevant documents or information in its “possession, custody, or control.” Fed. R. Civ. P. 34(a)(1). Relevant here, “[t]he party to whom the request is directed must respond in writing within 30 days after being served[.]” Fed. R. Civ. P. 34(b)(2)(A). The responding party must state objections with specificity, including

the reasons for the objection, and must indicate whether any responsive materials are being withheld on the basis of the objection. Fed. R. Civ. P. 34(b)(2)(B), (C)

Any party, on notice to other parties and all affected persons, may apply for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). Rule 37 provides for an entry of an order compelling discovery where "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

The party seeking to compel discovery has the burden of establishing relevance under Rule 26(b)(1). *Alves v. Riverside Cnty.*, 339 F.R.D. 556, 559 (C.D. Cal. 2021). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "Once the propounding party establishes that the request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 283 (S.D. Cal. 2018) (citations omitted).

In ruling on a motion to compel discovery, the court has discretion to modify the discovery requests rather than sustain the responding party's objections in total. *See Green v. Baca*, 219 F.R.D. 485, 490 (C.D. Cal. 2003); *see Licea v. Beshay Foods, Inc.*, No. 19-cv-1565-JM-AHG, 2020 WL 1975059, at *2 (S.D. Cal. Apr. 23, 2020) (recognizing a district court may "expand, limit, or differ from the relief requested").

Finally, courts construe filings by pro se litigants liberally, as pro se litigants are held to a less stringent standard than those represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants must still abide by the same rules of procedure as other litigants, including in discovery. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

## III. PRELIMINARY ISSUES

Before reaching the specific RFPs at issue, the Court addresses several threshold issues raised in the briefing.[7]

### A. Peña's Objections Were Not Automatically Waived Under Rule 34

First, a crux of HOA's motion is Peña waived all objections automatically by failing to timely respond to HOA's RFPs. The Court disagrees.

Rule 33, which governs interrogatories, expressly provides "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Rule 34 does not contain the same waiver language. *See* Fed. R. Civ. P. 34. Thus, contrary to HOA's argument, "Rule 34(b) does not impose a *per se* waiver penalty for untimely discovery responses." *Beard v. Cnty. of Stanislaus*, No. 21-cv-0841-DAD-SAB, 2022 WL 2704856, at *6 (E.D. Cal. July 12, 2022); *see Genomics v. Song*, No. 21-cv-4507-JST-LJC, 2024 WL 2044627, at *3 (N.D. Cal. May 7, 2024) (recognizing "the Ninth Circuit has been reluctant to interpret Rule 34 as imposing an automatic waiver penalty for untimely discovery responses"); *see, e.g., Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (rejecting a "per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit").

Rather, despite the absence of an explicit waiver of objections in Rule 34, "courts have treated waiver under Rule 34 the same as waiver under Rule 33." *Bica v. Genworth Life Ins. Co.*, No. 24-cv-1123-L-AHG, 2026 WL 564176, at *2 (S.D. Cal. Feb. 27, 2026) (collecting cases). Thus, waiver is subject to a good cause standard, and "courts have the discretion to relieve a late-responding party from the potentially harsh consequences of

---

[7] In her opposition, Peña requests this Court "strike and seal" portions of HOA's counsel's declaration and accompanied exhibits filed as ECF No. 62-1 in support of HOA's opposition to Peña's motion for sanctions, ECF No. 55. As that motion is not currently before the undersigned and is pending before District Judge Houston, the Court does not reach this issue.

waiver." *Black v. City of San Diego*, No. 21-cv-1990-RBM-JLB, 2025 WL 951283, at *2 (S.D. Cal. Mar. 28, 2025). "To determine whether there is good cause to find objections are not waived, courts consider (1) the length of delay, (2) the reason for delay, (3) the existence of bad faith, (4) the prejudice to the party seeking waiver, (5) the nature of the request, and (6) the harshness of imposing sanctions." *Id.* at *2 (citation omitted).

Upon evaluating these factors, the Court finds good cause exists to excuse any blanket waiver resulting from the timing of Peña's objections. First, the length of delay weighs against imposing an automatic waiver. HOA agreed to a deadline of May 2, 2025, and Peña served her initial response and objections on May 19, 2025—just seventeen days later—and within one week of being served directly with the discovery requests. This delay was minimal, particularly when considering the reason for delay: the withdrawal of Peña's counsel from the case, which was filed before Peña's responses were due. Thus, HOA's counsel was aware of a potential delay and need for additional time prior to the response deadline expiring. Accordingly, both the minimal delay and reason for delay support good cause to excuse waiver.

The remaining factors also support good cause. This record does not suggest bad faith. Peña served initial responses one week after HOA re-served the discovery on Peña directly and within three weeks after she began representing herself. Further, Peña has served supplemental responses to all three sets of discovery, including the RFPs at issue, by the court-imposed deadlines, which suggest a good-faith attempt to comply with her discovery obligations, even if the responses and objections were not to HOA's satisfaction. The Court is not persuaded by HOA's claim of prejudice based on a purported "twelve-month" delay or that the entire delay is attributable solely to Peña. *See* ECF No. 60-1 ¶ 40; ECF No. 60 at 19–20. As HOA is aware, the case was stayed for eight months, and any further delay is also of HOA's making given the overly broad nature of its requests, as discussed below. *See* ECF Nos. 33, 51.

Finally, imposing a blanket waiver on this record, particularly at the outset of a pro se litigant's self-representation and where there has been some effort to comply with discovery obligations, would be unduly harsh.

In sum, the Court finds Peña's May 19, 2025 objections to HOA's RFPs did not result in an automatic blanket waiver of Peña's objections, and good cause supports excusing any waiver.

**B. No Court Order Has Found Peña's Objections Were Waived**

HOA also contends the Court issued "[two] separate orders advising that failure to respond fully to requests for production would result in waiver of objections." ECF No. 60 at 10 (citations omitted);[8] ECF No. 65 at 7 ("Both orders specifically advised Peña that failure to respond to the pending [RFPs] by July 25, 2025 would result in a waiver of objections."). This is incorrect.

In both Magistrate Judge Pettit's July 14, 2025 Order, ECF No. 32, and District Judge Houston's July 21, 2025 Order, ECF No. 33, the Court cautioned that failure to timely respond "*may* result in waiver of objections." ECF Nos. 32, 33 (emphasis added). At no point has the Court advised the parties that failure to timely respond "would" result in waiver; nor has it issued an order finding Peña's objections were waived and she must respond "fully" to the pending RFPs. *Compare* ECF No. 60 at 10 *with* ECF Nos. 32, 33, and 38.

**C. A Pro Se Litigant's Boilerplate Objections Do Not Result in an Automatic Waiver of Objections**

Next, HOA asserts Peña's objections are boilerplate and "tantamount to not making an objection at all." ECF No. 60 at 10.

"Although Rule 34 requires a certain amount of specificity in each response to a request for production, neither the text of the rule nor binding judicial authority provides

---

[8] *See also* ECF No. 60 at 18 ("two separate orders requiring her to respond fully to discovery by Judge [Houston] and Magistrate Judge Pettit").

for a remedy of automatic waiver if objections are not sufficiently specific." *Del Socorro Quintero Perez v. United States*, No. 13-cv-1417-WQH-BGS, 2016 WL 304877, at *1 (S.D. Cal. Jan. 25, 2016). Rather, "the proper procedure when in receipt of seemingly boilerplate objections is to challenge them on their merits." *Id.* at *2.

The Court is not convinced a pro se litigant's objections, even if not specific, result in automatic waiver. The two cases HOA cites— *Caekaert* and *Wolff*—do not support this proposition; rather, they undermine it. For example, though the *Caekaert* court found the boilerplate objections were deficient to sustain the objecting party's burden, it expressly recognized "a collective responsibility" of both the parties and the court "to consider the proportionality of all discovery" even if boilerplate objections are asserted. *Caekaert v. Watchtower Bible & Tract Soc'y of New York, Inc.*, No. 20-cv-52-BLG-SPW, 2023 WL 3795394, at *1 (D. Mont. June 2, 2023). To that end, the *Caekaert* court proceeded with a thorough proportionality analysis, concluding, inter alia, certain requests were overly broad and burdensome. *Id.* at *2–3. Likewise, the *Wolff* court not only addressed the merits of the purported boilerplate objections but also sustained numerous objections. *Wolff v. Tomahawk Mfg.*, 689 F. Supp. 3d 923, 953–56 (D. Or. 2023). For example, the court found certain document requests were vague and lacked a temporal scope as written, while others demanding "all correspondence" were plainly overbroad or sought information equally accessible to the propounding party. *Id.* at 954–56.

In short, neither case supports HOA's assertion that boilerplate objections result in automatic waiver, and the Court declines to make such a finding here. *See Del Socorro Quintero Perez*, 2016 WL 304877, at *2 (finding "automatic waiver of purported boilerplate objections is inappropriate and unsupported by the law"). Further, automatic waiver would be particularly inappropriate here, where Peña is unrepresented. If, after a review of the merits of each objection, the Court determines an objection is unfounded, it can overrule those objections.

**D. HOA's Remaining Claims Are Subject to Discovery**

Peña asserts in light of Judge Houston's March 27, 2026 Order finding the Agreement void and unenforceable, "there is no legally cognizable interest left to discover." ECF No. 64 at 3, 9.

Importantly, in the same Order, the Court expressly denied the Motion for Judgment on the Pleadings as to HOA's remaining five claims against Peña. ECF No. 51 at 19. As a result, HOA is entitled to discovery within the scope of Rule 26(b)(1) on these remaining claims.

Peña also appears to argue Casanet's motion for a good faith settlement has rendered any dispute moot for purposes of discovery. ECF No. 64 at 2. This is incorrect. District Judge Houston denied Casanet's initial motion, ECF No. 52, and the renewed motion is still pending before the Court. *See* ECF Nos. 54, 67.

**E. Section 2019.210 Does Not Apply to HOA's Federal DTSA Claim**

Lastly, Peña contends discovery is generally inappropriate because HOA has failed to allege trade secrets with the "reasonable particularity" required by California Civil Procedure Code section 2019.210. ECF No. 64 at 6 (citing *Advanced Modular 161 Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826 (2005)). Peña maintains HOA must satisfy section 2019.210's threshold requirement "before a single document may be compelled from a defending party." *Id.*

Section 2019.210 provides in relevant part:

> In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act . . . before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.

Cal. Civ. Proc. Code § 2019.210. In its August 8, 2025 Order, the Court noted district courts at the time were split on whether section 2019.210 applied in federal courts. ECF No. 38 at 4–5. Since then, the Ninth Circuit has issued a published opinion addressing "at what point in the case, and with how much particularity, a DTSA plaintiff must specify its

purported trade secrets." *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1085 (9th Cir. 2025). The Ninth Circuit held "[b]y its terms and unlike CUTSA, the federal DTSA does not require a plaintiff to identify with particularity its alleged trade secrets from the start." *Id.* The Court explained:

> CUTSA's "reasonable particularity" disclosure rule is similar to the "sufficient particularity" showing we require to establish ownership of a trade secret under DTSA. But whether a DTSA plaintiff has identified information that is sufficiently particular to constitute a trade secret—information that is kept secret and derives value from not being generally known—is a question of fact. So whether a plaintiff has sufficiently particularized a trade secret under DTSA is usually a matter for summary judgment or trial.

*Id.* The Ninth Circuit further clarified "DTSA does not set out requirements for the specific timing or scope for identifying trade secrets. Instead, the conventional procedures under the Federal Rules of Civil Procedure apply." *Id.* at 1089.

Here, HOA brings two separate claims for trade secret misappropriation: a federal claim under DTSA and a California claim under CUTSA. ECF No. 1 at 15–19. The Ninth Circuit's holding that section 2019.210 is "a California rule that does not control a federal trade-secret claim" is binding on this Court. *Quintara*, 149 F.4th at 1089. Accordingly, section 2019.210 does not govern HOA's federal claim for trade secret misappropriation under DTSA. *See id.* at 1088–89. Accordingly, the Court **OVERRULES** Peña's objection that HOA must comply with section 2019.210 prior to any discovery and finds discovery related to HOA's DTSA claim and the other claims for conversion, intentional interference with contractual relations, and intentional interference with prospective economic advantage must go forward. *See Sanas.AI Inc. v. Krisp Techs., Inc.*, No. 25-cv-5666-RS-KAW, 2026 WL 892017, at *2 (N.D. Cal. Apr. 1, 2026). Further, Peña does not argue, and the Court has not identified, any RFPs at issue in HOA's motion that are specific to the CUTSA claim.

## IV. RFPS IN DISPUTE

Peña served initial objections and responses on May 19, 2025. ECF No. 60-6. With the exception of RFP 20, Peña objects to all requests on the following grounds: "ambiguity,

overly broad, vague terms, seek a narrative, call for legal conclusion and intrusion into the right of privacy." *Id.* at 3. Peña specifically identifies HOA's use of "every," "any," "all," "all communication," "without limitation," and "all documents." *Id.* at 3–4. Peña served supplemental responses for RFPs 1–20 only on July 25, 2025. ECF No. 60-11.

The Court considers the merits of Peña's initial and supplemental objections and responses.

**A. RFP 1**

RFP 1 seeks "All DOCUMENTS identified in the Federal Court Rule 26 Disclosure [Peña] served in this matter." ECF No. 60-4 at 6.[9]

On January 14, 2025, Peña, who at the time was represented by counsel, served her Rule 26 Initial Disclosures identifying two categories of documents in her possession: (1) the Agreement and (2) "renewal documents pertaining to Community Associations Institute." ECF No. 60-2 at 3.

In addition to asserting the May 19, 2025 objections, Peña supplemented her response to indicate "Can be found in [HOA's] server." ECF No. 60-11 at 4. As Peña is a pro se litigant, the Court construes this objection liberally as objecting the information sought is within HOA's custody or equally accessible to HOA. *See Erickson*, 551 U.S. at 94.

The Court grants in part and denies in part this request. The Court has already found the Agreement void and unenforceable; thus, the Agreement is neither relevant nor proportional at this stage of the case. Furthermore, it is equally accessible to HOA. However, the Court overrules Peña's objections as to the second categories of documents identified in her disclosures, which are in her possession. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** HOA's motion as to RFP 1. Peña SHALL produce all "renewal documents pertaining to Community Associations Institute" in her possession, custody, or control.

---

[9] The bold is omitted from all RFP citations.

**B. RFP 20**

RFP 20 seeks:

> Any DOCUMENTS provided to [Peña] by SMARTER HOA, including but not limited to employee manuals, employee handbooks, company information, emails, or client information, financial reports, association management contractors, or any other DOCUMENTS.

ECF No. 60-4 at 8. HOA separately defines expansively "Documents" to include, inter alia, "any and all written, recorded, or graphic matter" including originals, copies, drafts, "every other means of recording," and "any form of communication or representation." ECF No. 60-4 at 3–4. The definition lists six subparts including, for example, financial statements, written correspondence, notes related to any meetings or oral communications, telephone records, etc. *Id.* at 4.

Peña initially responded "Document provided to me. Do not recall the date. An email was sent with a draft of an employee handbook." ECF No. 60-6 at 3. Peña's supplemental response and objection states "Can be found in [HOA's] server." ECF No. 60-11 at 6. Again, the Court construes this objection liberally as Peña is a pro se litigant and the information is within HOA's custody.

HOA has the burden of demonstrating the relevance of the scope of this request to its remaining five causes of action. Though HOA declares "emails or client information" provided by HOA to Peña is "central" to the remaining causes of action, it does not identify the type of emails or client information; nor does it explain how these are relevant. ECF No. 60 at 10. Accordingly, HOA has not met its burden to demonstrate relevancy under Rule 26.

Moreover, as written, RFP 20 is plainly overbroad, burdensome, and not proportional to the needs of the case. The plain language of the request seeks documents beyond the claims and defenses asserted in the action in violation of Rule 26(b)(1). In addition, the request expressly seeks information and documents provided *by HOA* to Peña; thus, information is equally accessible to HOA.

**C. RFP 2**

RFP 2 requests:

> All COMMUNICATIONS between [Peña] and any other DEFENDANT between June, 2023 to present. (This includes but is not limited to COMMUNICATIONS regarding the SUBJECT ISSUES.).

ECF No. 60-4 at 7.

Peña asserted the same initial objections and then supplemented her response to state "Communication regarding LLC, filing." ECF No. 60-11 at 4.

RFP 2 seeks all "Communications" defined as "any form of oral or written communication" such as "letters, emails, texts, facsimile transmissions, communications through social media, etc." with Casanet dating three years back on *any* topic, including the fifteen specific subtopics identified in the definition of "Subject Issues." ECF No. 60-4 at 4–6, ¶¶ 6, 15(a)–(o). HOA has not demonstrated the relevancy of the broad scope of this request; nor does HOA address whether "communication regarding the LLC, filing" is relevant to the remaining claims or defenses. Further, HOA's use of defined terms, particularly "Subject Issues," is unnecessarily confusing. Thus, on this record, the burden or expense to Peña of complying with the overly broad discovery request outweighs its likely benefit. Accordingly, the Court **DENIES** HOA's motion as to RFP 2.

In the event HOA contends communications regarding the LLC filing or other targeted communications are relevant, it can serve a new narrowly-tailored discovery request on Peña.

**D. RFPs 3, 4, and 5**

RFPs 3 through 5 seek all "Communications" (as separately defined) between Peña and Verona Community Association (RFP 3), Arboretum Community Association (RFP 4), and Orangewood Villas Homeowners' Association (RFP 5).

Peña asserted the same objections identified above, including as to HOA's use of "all Communications." ECF No. 60-6 at 3–4. In her supplemental responses, Peña

identifies "Communication regarding community's concerns on performance" in response to each request. ECF No. 60-11 at 4.

HOA has not established the relevance of these RFPs, particularly as to the remaining five causes of action. Neither the Complaint nor HOA's motion identify Verona Community Association, Arboretum Community Association, or Orangewood Villas Homeowners' Association, much less explain how Peña's communications with them are relevant to the remaining claims.

Further, for the same reasons discussed above, the Court finds the requests, as written, are overly broad and not proportional to the needs of the case. In addition to broadly seeking "all Communications," the requests lack a temporal scope. Accordingly, the Court **DENIES** HOA's motion as to RFPs 3–5.

**E. RFP 9**

RFP 9 seeks:

> All COMMUNICATIONS between [Peña] and any PERSON regarding providing management services for homeowner's associations in San Diego or Riverside Counties. This includes but is not limited to income from Verona Community Association, Arboretum Community Association, Orangewood Villas Homeowners' Association, Amberwalk at Ivy Homeowner's Association, Casitas Del Amigos Homeowners Association, Sun City Villas Homeowners Association[.]

ECF No. 60-4 at 7.

In addition to asserting initial objections including as "all Communications" and "any," Peña supplemented her response to state "Calls regarding management performance." ECF Nos. 60-6 at 3–4; 60-11 at 5.

In its motion, HOA asserts without elaboration that this request, along with others, is relevant to its remaining claims for intentional interference with contractual relations and prospective economic advantage, as well as state and federal trade secret misappropriations because the request seeks "communications between Peña and defendant CASANET" and is limited to companies specifically identified as HOA's clients regarding issues in the litigation. ECF No. 60 at 12–13.

HOA's motion to compel regarding RFP 9 fails for the same reasons discussed above—the request, as written, is significantly overly broad, unduly burdensome to respond to, and not proportional to the needs of the case. Contrary to HOA's argument, RFP 9 is not limited to communications with Casanet and lacks a temporal scope—the plain language seeks productions of "all Communications" between Peña and *anyone else* ever regarding "providing management services for homeowner's associations in San Diego or Riverside Counties." Nor is it limited to issues in the litigation. In addition, HOA has not made a sufficient showing of relevance to the remaining causes of action rather than its claim for breach of the now-void noncompete Agreement.

Thus, the Court finds the request, as written, is overly broad and not proportional. The Court therefore **DENIES** HOA's motion as to RFP 9.

### F. RFPs 6, 8 and 10–18

HOA next moves to compel further responses to RFPs 6, 8 and 10–18:[10]

> RFP 6: All COMMUNICATIONS between [Peña] and Christina Bachinski between June 2023 and present regarding the SUBJECT ISSUES.
>
> RFP 8: All DOCUMENTS evidencing any income [Peña] derived from any homeowner's association since leaving the employ of SMARTER HOA. This includes but is not limited to income from Verona Community Association, Arboretum Community Association, Orangewood Villas Homeowners' Association, Amberwalk at Ivy Homeowner's Association, Casitas Del Amigos Homeowners Association, Sun City Villas Homeowners Association.
>
> RFP 10: All COMMUNICATIONS between [Peña] and any PERSON regarding the SUBJECT ISSUES. (This request does not seek correspondence which is solely between responding party and their counsel of record in this case).
>
> RFP 11: All DOCUMENTS which evidence [Peña's] use of data from SMARTER HOA.

[10] Though the sub header in HOA's motion states "RFP 6, 8, 9 and 20," the text of the same section addresses RFP 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18. ECF No. 60 at 14–16.

> RFP 12: Any statements obtained from witnesses regarding or relating to the subject lawsuit.
>
> RFP 13: All DOCUMENTS evidencing or relating to agreements and/or contracts entered into between [Peña] and any SMARTER HOA CUSTOMER.
>
> RFP 14: Any agreements or contracts between [Peña] and any other Defendant named in this action or their agents, employees, representatives or persons working on their behalf.
>
> RFP 15: Any joint defense agreement [Peña] ha[s] entered into regarding this lawsuit.
>
> RFP 16: All DOCUMENTS which evidence or refer to telephone calls and texts between [Peña] and any other named Defendant between June 2023 to present.
>
> RFP 17: All DOCUMENTS which evidence telephone calls and texts between [Peña] and any SMARTER HOA CUSTOMER between June 2023 to present. (Other than said calls and texts, any other calls or texts may be redacted.)
>
> RFP 18: All COMMUNICATIONS between [Peña] and any of SMARTER HOA's vendors or suppliers regarding performing work for a homeowner's association in San Diego or Riverside county between June 2023 to present. This includes communications with Mike Bancroft at Patrol One.

ECF No. 60 at 14–16; *see also* ECF No. 60-4 at 7–8.

Peña initially asserted objections and then supplemented its response to these requests to indicate "none." ECF No. 60-6 at 3–4; ECF No. 60-11 at 4–6.

HOA contends it is unable to ascertain from the response "none" whether documents ever existed or are no longer in Peña's possession, custody, or control. ECF No. 60 at 16.

The Court agrees. Accordingly, Peña must provide a supplemental response to RFPs 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, and 18 specifically indicating whether, after a diligent search and reasonable inquiry, either (i) no documents exist or (ii) Peña has no documents in her possession, custody, or control. *See Catalyst Lifestyle Ltd. v. Elago Co., Ltd*, No. 22-cv-536-LL-MMP, 2023 WL 8101953, at *7 (S.D. Cal. Nov. 21, 2023); *Lever Your Bus.,*

*Inc. v. Sacred Hoops & Hardwood, Inc.*, No. 19-cv-1530 CAS-KKx, 2021 WL 243308, at *12, 14 (C.D. Cal. Jan. 25, 2021) ("[T]o the extent [the responding party] alleges no documents exist, [it] has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production."). In addition, Peña must also state in her supplemental response to each RFP identified in this subsection whether responsive materials are being withheld on the basis of any objections as required by Rule 34(b)(2)(C).

Accordingly, the Court **GRANTS** HOA's motion for further responses as to RFPs 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, and 18.

**G. RFPs 22–38, 40–43, 45–47, 49–51, 53–56**

HOA also seeks to compel further responses and production of documents to RFPs 22–38, 40–43, 45–47, 49–51, and 53–56, which request "all Documents" supporting Peña's affirmative defenses asserted in her Answer. ECF No. 60 at 16–18; *see also* ECF No. 60-4 at 9–10.

Peña asserted only the objections raised in her May 19, 2025 responses, including as to "all." ECF No. 60-6 at 3–4. Peña did not provide further objections or responses to these requests in her July 25, 2025 supplement responses. *See* ECF No. 60-11.

HOA contends these requests are relevant because Rule 26(b)(1) expressly contemplates discovery of a party's defense, and these requests "directly relate to [] Peña's asserted affirmative defenses in this matter." ECF No. 60 at 18. HOA also asserts Peña's May 19, 2025 objections fail to indicate whether she withheld any responsive materials based on her objections, as Rule 34(b)(2)(C) requires. *Id.* at 18–19.

The requests are relevant and within the proper scope of discovery under Rule 26(b)(1). Peña has not articulated any specific burden or expense associated with responding to them. *See* ECF No. 64. Further, given the direct relevance and importance of any documents responsive to these requests, the benefit of requiring Peña to respond to the requests outweighs any burden or expense on this record. Accordingly, Peña SHALL perform a reasonably diligent search to identify any documents that support her affirmative defenses. Following the search, Peña MUST (i) produce any responsive, nonprivileged

documents if located, and (ii) serve supplemental responses to each of these requests indicating whether any documents have been withheld based on her objections.

### H. HOA's Request for Expenses under Rule 37(a)(5)

Having granted the motion in part, the Court next considers HOA's request under Rule 37(a)(5)(A) for expenses incurred in bringing the motion. ECF No. 60 at 21; HOA seeks $8,000 in attorneys' fees. *Id.*; ECF No. 60-1 ¶ 41.

Rule 37(a)(5)(A) provides for the payment of expenses to the moving party if the motion to compel is granted, with delineated exceptions:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Rule 37(a)(5)(A) recognizes various exceptions where "the court must not order this payment" including where the court finds the moving party failed to meet and confer, the nonmoving party's nondisclosure or response was substantially justified, or an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *Blair v. CBE Grp., Inc.*, No. 13-cv-134-MMA-WVG, 2014 WL 4658731, at *1 (S.D. Cal. Sept. 17, 2014) (citation omitted). In the context of Rule 37 fee awards, the burden of showing substantial justification is on the non-moving party. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), *as amended* (July 25, 1994).

On this record, the Court finds an award of expenses is not warranted. The Court has denied a substantial portion of HOA's motion to compel because many RFPs, as written, are plainly overbroad and not proportional. The Court declines to award expenses for the successful portion of HOA's motion. HOA's briefing was wanting, for example, failing to provide relevant factual information, misstating the Court's orders, misidentifying the presiding judge's name, and failing to identify controlling Ninth Circuit case law regarding

the DTSA claim. Moreover, many of Peña's objections were substantially justified, and considering Peña's status as a pro se litigant, an award of expenses on this record would be unjust. Accordingly, the Court denies HOA's request for expenses.

**V. HOA's Request for Additional Sanctions Under Rule 37(b)(2)**

Lastly, HOA seeks additional sanctions under Rule 37(b)(2)(A), which provides in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

HOA requests the Court strike Peña's answer and enter default judgment against Peña on the ground "[Peña] is in violation of two separate court orders after a year of evading discovery attempts." ECF No. 60 at 20, 21. HOA argues "[t]his, combined with her refusal to produce a single document, evasion of any attempts to meaningfully meet and confer and continued assertion of boilerplate objections all warrant this extreme remedy." *Id.* at 21.

Before reaching the propriety of the requested sanctions, the Court must first determine whether Peña disobeyed "two separate court orders" as HOA asserts. *See* ECF No. 60 at 20 (citing ECF Nos 32, 38); *see Catalyst Lifestyle*, 2023 WL 8101953, at *5. The Court finds HOA has not established such a violation.

First, HOA contends Peña disobeyed this Court's July 14, 2025 Order, which granted Peña's request for additional time to provide supplemental responses to HOA's discovery. ECF No. 32 ¶ 2; *see* ECF No. 60 at 20 (citing ECF No. 32). Specifically, the Court ordered Peña "shall respond . . . to the pending [RFPs] by July 25, 2025." ECF No. 32 ¶ 2 (emphasis omitted). As HOA acknowledges, Peña served supplemental responses to the RFPs by the Court's deadline. ECF No. 60-1 ¶ 33. Contrary to HOA's representations, the Court never ordered Peña "to fully respond to discovery"—much less on two prior occasions. *See* ECF No. 65 at 3. Though Peña did not provide supplemental responses to all the RFPs, the lack of further response to RFPs 21–56 suggests she intended to stand on her objections. As the Court had not yet ruled on the propriety of her objections, her decision does not rise to the level of disobeying the Court's order.

Nor has HOA shown a violation of the August 8, 2025 Order. *See* ECF No. 60 at 20 (citing ECF No. 38). In fact, the Court did not order Peña to take any further action in that order; as a result, there is no basis for HOA's claim that Peña violated it. *See* ECF No. 38.

Finally, the Court rejects HOA's other stated grounds cited in support of its bid for sanctions. *See* ECF No. 60 at 19–20. Though HOA attributes a year-long delay exclusively to Peña, a cursory look at the record shows that is simply incorrect. In addition and as noted above, pro se litigants are held to a less stringent standard; accordingly, the Court has afforded Peña appropriate latitude in evaluating her filings and responses given her lack of legal representation. Moreover, the Court has found Peña neither waived her objections nor asserted them in bad faith, and the record does not support Peña's alleged "evasion of any attempts" to meet and confer.

In sum, HOA has not established Peña failed to obey a court order under Rule 37(b)(2)(A); accordingly, the Court **DENIES** HOA's request for sanctions.

/ /

/ /

/ /

/ /

## VI. CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** HOA's motion to compel, ECF No. 60, as follows:

1. The Court **DENIES** HOA's motion as to RFPs 2, 3, 4, 5, 9, and 20. Peña need not take any further action on these requests.

2. The Court **ORDERS** that no later than **September 11, 2026**, Peña must comply with the following:

   a. With respect to RFP 1, Peña is **ORDERED** to produce all "renewal documents pertaining to Community Associations Institute" in her possession, custody, or control. Peña must serve a supplemental response to RFP 1 confirming all responsive documents as narrowed by the Court have been produced, and she is not withholding any documents based on objections as required by Rule 34(b)(2)(C).

   b. Peña is **ORDERED** to supplement her response to RFPs 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, and 18 to specifically indicate whether, after a diligent search and reasonable inquiry, either (i) no documents exist or (ii) Peña has no documents in her possession, custody, or control. In addition, the supplemental response to each of these RFPs must state whether Peña is withholding responsive materials based on her objections as required by Rule 34(b)(2)(C).

   c. The Court **GRANTS** HOA's motion as to RFPs 22–38, 40–43, 45–47, 49–51, and 53–56. Peña is **ORDERED** to perform a reasonably diligent search to identify any documents responsive to these requests. Following her search and by the above deadline, Peña is **ORDERED** to (i) produce any responsive, nonprivileged documents if located, and (ii) provide a supplemental response to each of these requests indicating whether any documents have been withheld on the basis of her objections as required by Rule 34(b)(2)(C). In the event no documents are located after a reasonably

diligent search, Peña shall indicate so in her supplemental response in lieu of producing documents.

3. The Court **SETS** a Status Conference for **September 28, 2026** at **1:00 PM** before Magistrate Judge Pettit.

4. HOA's request for sanctions is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 20, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge