UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTER HOA SOLUTIONS INC., Plaintiff, v. CARMEN PEÑA; CASANET PROPERTY MANAGEMENT LLC, Defendants. | Case No.: 3:24-cv-01781-JAH-MMP **ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS** **[ECF No. 55]** |

Pending before the Court is Defendant Carmen Peña's Motion for Sanctions, filed pursuant to Federal Rule of Civil Procedure 11. ECF No. 55 ("Motion"). Plaintiff Smarter HOA Solutions Inc. ("HOA") has opposed, and Defendant Peña has filed a reply. *See* ECF Nos. 62 ("Opposition"), 63 ("Reply"). For the reasons discussed below, Defendant Peña's Motion for Sanctions is **DENIED.**

**BACKGROUND**

The complete background of this case is discussed in detail in the Court's prior Orders. *See* ECF Nos. 51, 52, 67, 69. Relevant here, Plaintiff HOA's five remaining causes of action against Defendant Peña and Defendant Casanet Property Management LLC ("Casanet") are for: (1) Conversion, (2) Intentional Interference with Contractual Relations, (3) Intentional Interference with Prospective Economic Advantage, (4) Trade Secret Misappropriation Under the Defend Trade Secrets Act, 18 U.S.C. § 1836, and (5) Misappropriation of Trade Secrets under California Civil Code § 3426. ECF No. 51 at 19.

On May 6, 2025, Defendant Peña filed a motion to dismiss seeking dismissal of all claims against Defendant Peña. ECF No. 20. On July 21, 2025, the Court issued an order construing Defendant Peña's motion to dismiss as a motion for judgment on the pleadings and, except for select discovery deadlines, stayed all proceedings in this case pending this Court's determination on the pending motion. *See* ECF No. 33.

On July 24, 2025, Defendant Casanet filed a motion for good faith settlement determination between Defendant Casanet and Plaintiff HOA (collectively, the "Settling Parties") pursuant to Cal. Civ. Proc. Code § 877.6. ECF No. 35. On August 29, 2025, this Court set a briefing schedule requiring Defendant Peña to respond by September 10, 2025, and Defendant Casanet to reply by September 17, 2025. ECF No. 43. Both Defendant Peña and Defendant Casanet timely filed their briefs by their respective deadlines. ECF Nos. 44, 46.

On September 11, 2025, the day after Defendant Peña filed her opposition to the motion for good faith settlement determination, Anabella Bonfa, as counsel for Plaintiff HOA, filed a declaration in response to Defendant Peña's opposition to the motion (the "Bonfa Declaration") challenging this Court's consideration of Defendant Peña's opposition and requesting, *inter alia*, leave to file a motion for terminating sanctions against Defendant Peña for failure to follow court orders. *See* ECF No. 45 ¶¶ 9–10.

On September 12, 2025, Defendant Peña served Plaintiff HOA with a copy of the instant Motion via email. *See* Opp'n, Ex. A. As further discussed below, the copy served on Plaintiff HOA contained only the first seven pages of the Motion presently before the Court. *Id.*; ECF No. 55.

On October 23, 2025, Defendant Casanet and Plaintiff HOA filed a Stipulation Regarding Confidential Client List informing the Court that Plaintiff HOA would provide counsel for Casanet a list of "Do Not Call" clients, consisting of HOA's existing clients, and which counsel for Casanet shall not share with Casanet, so that the parties could proceed under the tentative terms of the proposed good faith settlement. ECF No. 48.

On March 27, 2026, the Court ruled on Defendant Peña's motion for judgment on

the pleadings, dismissing only Plaintiff HOA's breach of contract against Defendant Peña. ECF No. 51 (the "March 27, 2026 Order"). The Court also denied Defendant Peña's motion for sanctions under Rule 11 and lifted the stay of proceedings. *Id.* In a separate order issued by the Court that day, the Court denied the Settling Parties' motion for good faith settlement determination and declined to consider the requests in the Bonfa Declaration. ECF No. 52.

On March 31, 2026, Defendant Peña filed the instant Motion for Rule 11 sanctions against Plaintiff HOA and counsel for HOA. ECF No. 55.

On April 1, 2026, Defendant Casanet filed a renewed motion for good faith settlement determination on behalf of the Settling Parties. ECF No. 54. The motion was fully briefed by all parties and is presently under consideration by this Court. *See* ECF Nos. 57–58, 67–68, 70–71. On April 9, 2026, the Court stayed all discovery between Plaintiff HOA and Defendant Casanet pending this Court's disposition of the renewed motion for good faith settlement determination. *See* ECF No. 56.

On May 7, 2026, Plaintiff HOA moved to compel discovery and requested sanctions against Defendant Peña. ECF No. 60. Specifically, Plaintiff HOA moved for terminating sanctions and/or default judgment and monetary sanctions against Defendant Peña for her alleged failure to comply with two court orders. *Id.* at 5, 19–21. The matter was briefed before Magistrate Judge Pettit. ECF Nos. 64–65. On August 20, 2026, Judge Pettit denied Plaintiff HOA's request for sanctions against Defendant Peña and ordered Defendant Peña to produce certain discovery no later than September 11, 2026. ECF No. 69.

## DISCUSSION

Defendant Peña moves for sanctions against Plaintiff HOA pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendant Peña argues that sanctions are proper because Plaintiff HOA's complaint and proposed settlement with Defendant Casanet are frivolous and filed for an improper purpose. Mot. at 1–2. Defendant Peña also argues that the Bonfa Declaration, seeking, among other things, leave to file a motion for terminating sanctions against Defendant Peña, was also filed for an improper purpose. Mot. at 2–3.

Given that Defendant Peña is appearing pro se, the Court will "liberally construe" Defendant Peña's pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is 'to be liberally construed . . . .'"); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

**I. Defective Notice**

The Court will begin by considering whether Defendant Peña's Motion is ripe for consideration on the merits.

1. Federal Rules of Civil Procedure and Civil Local Rules

As an initial matter, Plaintiff HOA objects that the Motion is procedurally defective under Rule 11 because Defendant Peña filed a joint motion combining two separate motions for sanctions into one filing, one noticed and the other unnoticed. Opp'n at 15–16. Under Rule 11, "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Here, Defendant Peña included a separate, unnoticed motion for sanctions (the "Unnoticed Motion"), pursuant to 28 U.S.C. § 1927 and the court's inherent authority, as an attachment to the instant Motion filed under Rule 11. *See* ECF Nos. 55-1, 55-2, 55-3. However, in construing the pleadings so as to do justice, the Court will treat the motions as two independent motions improperly filed together rather than as a joint motion. *See Erickson*, 551 U.S. at 94; Fed. R. Civ. P. 8(e).

As to the Unnoticed Motion, the motion fails to conform to the requirements of the Federal Rules and this Court's Local Rules. Under Rule 7(b)(1), "a request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Rules 5(a) and 6(c) establish additional requirements a party must follow prior to filing a motion with the Court. *See* Fed. R. Civ. P. 5(a), 6(c). Under this Court's Local Rules, "each motion or other request for ruling by the Court must include within it a Memorandum of Points and Authorities in support of the motion and a caption listing the nature of the motion, hearing date and time, and the judge who will hear the motion." CivLR 7.1(f)(1). "[A] written notice of a matter requiring the Court's ruling is necessary" and "all hearing dates for any motion must be

obtained from the law clerk of the judge to whom the case is assigned." CivLR 7.1(e)(1). Thus, at a minimum, the Unnoticed Motion is procedurally defective because it fails to satisfy the proper notice requirements, the thirty-four-page motion exceeds the twenty-five-page filing limit allowed absent leave from the Court, and the motion was filed without first obtaining a hearing date. *See* Fed. R. Civ. P. 5(a), 6(c), 7(b)(1); CivLR 7.1. Accordingly, the Court deems Defendant Peña's failure to follow applicable rules a waiver of the Unnoticed Motion being considered by this Court and DECLINES to consider the defective motion on the merits.[1] *See* CivLR 7.1(f)(2) ("A movant's failure to file any papers required under the local rules may be deemed as a waiver of the motion, or other request for ruling by the Court.").

For the clarity of the parties, the Court also finds the Unnoticed Motion irrelevant to the Motion filed pursuant to Rule 11 (the instant Motion) and therefore DECLINES to consider any facts and arguments provided therein for purposes of evaluating the merits of the instant Motion. Moreover, given that Defendant Peña's Reply relates solely to the Unnoticed Motion and not the instant Motion, the Court also disregards the facts and arguments contained therein as the pleading is irrelevant to the issues properly before the Court. Thus, to the extent the Court evaluates Defendant Peña's Rule 11 Motion on the merits, the Court will limit its review to the arguments and information in the noticed, instant Motion. *See* Mot. at 1–7.

---

[1] Although the Court declines to consider the defective Unnoticed Motion on the merits, the Court cautions Defendant Peña that a request for sanctions under 28 U.S.C. § 1927 cannot be applied to an initial pleading, such as a complaint. *In re Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1996). Nor is a motion for sanctions based solely on an attorney's regular course of conduct in litigating a civil matter—i.e., filing documents, sending legal communication, engaging in negotiations and discussions with relevant parties—a valid basis for a motion under the statute. *See id.* at 436 (section 1927 sanctions "must be supported by a finding of subjective bad faith" such as where "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent").

Finally, the Court hereby admonishes Defendant Peña that proceeding pro se does not excuse the complete abandonment of the applicable rules governing this litigation. "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "Any person appearing [pro se] is bound by these rules of court and by the [Federal Rules of Civil Procedure]." CivLR 83.11(a). Here, this Court's dismissal of Plaintiff HOA's breach of contract claim pursuant to Defendant Peña's motion for judgment on the pleadings did not dismiss the entirety of the action. *See* ECF No. 51. The Court's order expressly DENIED Defendant Peña's motion as to the remaining five claims and those claims were unrelated and unaffected by this Court's finding that the underlying contract at issue was unenforceable. *Id*.

Accordingly, the Court **ORDERS** Defendant Peña to comply with all obligations relating to those outstanding claims as established under the Federal Rules, this Court's Local Rules,[2] and any orders issued by this Court. *See* ECF Nos. 51, 69. This includes filing documents with this Court according to Local Rule 5.1, which requires, for example, that each filed document be "line numbered in the left margin with not more than 28 lines per page" with the text and footnotes set to "14-point standard font (e.g. Times New Roman)." CivLR 5.1(a). Failure to comply therewith may be grounds to support a judgment by default against Defendant Peña. *See* CivLR 83.11(a).

2. <u>The Noticed Motion</u>

As to the noticed Motion, Plaintiff HOA objects that the Motion is procedurally defective because Defendant Peña failed to provide Plaintiff with a 21-day "safe harbor" period required by Rule 11. Opp'n at 13–15.

Rule 11 "place[s] stringent notice and filing requirements on parties seeking

[2] A copy of the Local Rules of Practice for the United States District Court for the Southern District of California may be accessed at the following link and cited to as "CivLR": https://www.casd.uscourts.gov/rules/local-rules.aspx.

sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Under Rule 11, "[a] motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This notice requirement allows the offending party a safe harbor, "within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). Courts "enforce this safe harbor provision strictly." *Holgate*, 425 F.3d at 678.

"[T]he 'safe harbor' period begins to run only upon service of the motion." *Id.* (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment). "When deciding a motion for sanctions under Rule 11, a district court should consider when the opposing counsel was served with the motion." *Id.* at 679. "Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." *Id*. (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).

Here, Plaintiff HOA admits that Defendant Peña first served the Motion on September 12, 2025—more than six months prior to the filing of the Motion on March 31, 2026—but argues that the Motion is procedurally defective under Rule 11 because "Plaintiff was not provided 21 days to respond at any time." Opp'n at 14. Plaintiff argues it was deprived of procedural notice and an opportunity to respond, pursuant to Rule 11, for two reasons.

First, Plaintiff HOA argues that the safe harbor period did not begin to run when Plaintiff was first served with the Motion because the stay was in effect. *Id*. Plaintiff argues that although Plaintiff was served the Motion, the pleading was not legally viable because Plaintiff was legally prohibited from filing "any dismissal, amendment, or any other pleading without being sanctioned" and "service of the motion violated the stay." *Id*. at 13–14. Thus, Plaintiff argues it was not provided the 21-day safe harbor because the Motion was actually served and filed with the Court on the same day. *Id*. at 14.

The Court finds no support for Plaintiff's argument. Although courts strictly enforce the safe harbor period, Rule 11 is clear that the safe harbor period begins on the date "[t]he movant serves the allegedly offending party with a filing-ready motion." *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1150 (9th Cir. 2002); *see also Holgate*, 425 F.3d at 678. Such a reading is consistent with the "purpose of the safe harbor requirement [] to provide parties with proper notice of the allegations against them and an adequate opportunity to cure the alleged deficiencies." *Holgate*, 425 F.3d at 679.

Here, Defendant Peña served the filing-ready Motion on Plaintiff HOA "promptly" the day after the Bonfa Declaration was filed and more than six months before filing the Motion with the Court. *See Holgate*, 425 F.3d at 679. Read liberally, Defendant Peña's Motion requests dismissal of the complaint and withdrawal of the offending claims and contentions in the Settling Parties' proposed settlement agreement and the Bonfa Declaration. *See Erickson*, 551 U.S. at 94; Fed. R. Civ. P. 8(e). Even if Plaintiff HOA was unable to file corrected pleadings at the time the Motion was initially served, Plaintiff HOA received more than six months' notice of the defects and improper conduct alleged in Defendant Peña's Motion. That the Motion was served during the stay did not prevent Plaintiff HOA from considering and responding to the Motion. A stay of proceedings freezes any deadlines relating to court proceedings but does not prohibit parties from engaging in other litigation activity, such as settlement negotiations or other discovery-related activity. Thus, the existence of the stay is not dispositive of service under Rule 11, as Plaintiff HOA had more than six months to cure the alleged defects. For example, at any time during the stay, Plaintiff HOA "could have affirmatively withdrawn the complaint or formally disclaimed any intention of filing an amended complaint, while making clear that [it] was taking advantage of the safe-harbor period." *Truesdell*, 293 F.3d at 1153. "The mandatory safe-harbor period still was available. [Plaintiff HOA] simply elected not to take advantage of it." *Id.* (holding that counsel "had more than the full 21-day opportunity that Rule 11 affords him to withdraw, amend, or disclaim the filing").

Accordingly, the Court holds that the safe harbor period began to run as of the initial

date of service such that Plaintiff HOA received more than six months' prior notice of Defendant Peña's Motion. The Court has not found, nor does Plaintiff HOA cite, any caselaw compelling the Court to hold otherwise.

Second, Plaintiff HOA argues the Motion is procedurally defective for failure to provide Plaintiff with the 21-day safe harbor period under Rule 11 because "[a] motion for Rule 11 sanctions must be served on the offending party at least 21 days prior to the entry of a final judgment or judicial rejection of the offending contention." Opp'n at 14. According to Plaintiff, "[t]his is because a party seeking sanctions must leave sufficient opportunity for the opposing party to choose to withdraw or cure the offense voluntarily before the court disposes of the challenged contention." *Id*. at 14–15.

In support, Plaintiff cites one state court case, *Li v. Majestic Industry Hills LLC*, 177 Cal. App. 4th 585, 595 (2009), which discusses sanctions pursuant to Cal. Civ. Proc. Code § 128.7, without any analysis of the pertinence of *Li* on the facts at issue here.[3] *Id*. at 15. Nor does a cursory review of *Li* provide support for Plaintiff HOA's argument. To the contrary, under *Li*, a "trial court's dismissal of the offending pleading *with prejudice* during the safe harbor period leaves nothing for the plaintiff to correct or withdraw, effectively depriving that party of the safe harbor period." *Id*. at 595 (citing *Truesdell*, 293 F.3d at 1153) (emphasis added). Put differently, a district court's dismissal of an offending pleading with leave to amend does not "cut off the safe-harbor period" because the safe harbor period continues to run from the date of service so long as the allegedly offending party retains the "opportunity to take advantage of the safe-harbor provision." *Truesdell*, 293 F.3d at 1152–53 (finding that, "even after the district court's [dismissal of the complaint with leave to amend], the safe-harbor period was still running").

Here, this Court has already held that the safe harbor period began upon initial service, meaning Plaintiff HOA received more than 21-days' actual notice of the

[3] As a state court case, *Li* is not binding on this Court.

allegations in Defendant Peña's Motion. The safe harbor period began upon initial service of the Motion, more than six months before the Motion was filed, and continued to run until the Court "cut off the safe-harbor period" by issuing final judgment on the allegedly offending pleadings. Although this Court ruled on the offending pleadings six months after Plaintiff HOA was served with the Motion, the rulings were only dispositive of Plaintiff HOA's action for breach of contract. *See* ECF No. 51. The Court declined to consider Plaintiff HOA's informal requests in the Bonfa Declaration and denied the Settling Parties' motion for good faith settlement determination without prejudice. ECF No. 52. Thus, the Court finds that for at least 21 days from the date of service, Plaintiff HOA retained the "opportunity to take advantage of the safe-harbor provision" had it decided to do so. *See Truesdell*, 293 F.3d at 1152–53 ("Both technically and practically, Plaintiff's counsel had the full 21–day period that the Rule and our precedents require. As a technical matter, the moving party complied with the Rule's 21–day provision by waiting 27 days to file its motion. As a practical matter, Plaintiff's counsel had the full safe-harbor period in which to withdraw the complaint because the district court's decision on the 20th day dismissed the complaint with leave to amend.").

Separately, Plaintiff HOA filed its opposition on May 13, 2026, more than six weeks after Defendant Peña filed the Motion, and over eight months after receiving initial service of the Motion. Accordingly, the Court finds no prejudice to Plaintiff HOA from a lack of notice to require that Defendant Peña satisfy a second safe harbor period beginning on the date of filing. *See Holgate*, 425 F.3d at 678 (finding "no need for [defendant] to satisfy a second safe harbor period when he re-filed his Rule 11 motion" a year after filing the same motion because plaintiff "received all the process due to him when [defendant] initially satisfied the safe harbor requirements of Rule 11").

Accordingly, the Court rejects Plaintiff HOA's argument that the Motion is procedurally defective under Rule 11 for failure to provide Plaintiff with the required 21-day safe harbor period and holds that the Motion is ripe for consideration on the merits.

//

## II. Rule 11 Sanctions

Defendant Peña moves for sanctions against Plaintiff HOA and its counsel of record, Wellman & Warren LLP. Mot. at 1.

As discussed, Rule 11 "place[s] stringent notice and filing requirements on parties seeking sanctions." *Holgate*, 425 F.3d at 677. Under Rule 11, "a motion for sanctions . . . must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Counsel is subject to Rule 11 sanctions by presenting a paper for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or by presenting "claims, defenses, and other legal contentions [not] warranted by existing law," among other reasons. Fed. R. Civ. P. 11(b)(1)–(2).

1. <u>Sanctions Against Plaintiff HOA</u>

As an initial matter, under Rule 11, a represented party may not be sanctioned for a violation of Rule 11(b)(2) committed by its counsel. *See* Fed. R. Civ. P. 11(c)(5)(A). Defendant Peña provides no basis to find that sanctions are appropriate against Plaintiff HOA under Rule 11(b)(1).

Accordingly, the Motion is **DENIED** as to sanctions against Plaintiff HOA.

2. <u>Sanctions Based on the Complaint and Proposed Settlement Agreement</u>

Next, the Court will analyze whether sanctions against Plaintiff HOA's counsel, Wellman & Warren LLP, are appropriate.

Defendant Peña moves for sanctions against Wellman & Warren LLP, Plaintiff HOA's counsel of record, for "maintaining a baseless, frivolous and harassing lawsuit" against Defendant Peña. Mot. at 1. Defendant Peña alleges that the complaint and proposed settlement agreement are frivolous and filed for an improper purpose, including to "harass and cause unnecessary litigation." *Id*. at 1–2.

Where, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate*, 425 F.3d at 676

(quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). "As shorthand for this test, we use the word 'frivolous' 'to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry.'" *Id*. (quoting *In re Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir. 1996)) (emphasis in original).

Defendant Peña's primary argument that the complaint and, by extension, the proposed settlement agreement, are frivolous is that they are based on an "illegal non-compete agreement" that is "legally unfounded and contrary to California Public Policy." Mot. at 2. On that basis, Defendant Peña generally alleges that the complaint and proposed settlement agreement are filed for an improper purpose, including to "harass and cause unnecessary litigation." *Id*. at 1–2. Defendant Peña provides no other facts in support of her conclusory allegations.

To the extent Defendant Peña seeks sanctions relating to Plaintiff HOA's action for breach of contract, Defendant Peña has failed to show sanctions are proper. Although the Court's March 27, 2026 Order ultimately held that the non-compete agreement was unenforceable and granted judgment on the pleadings on Plaintiff HOA's breach of contract claim, that holding was based on a detailed analysis of the undisputed facts before the Court and the relevant law. *See*, *e.g.*, *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1988) ("The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.") (quoting Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment). Defendant Peña provides no other basis to allege the complaint, including the remaining causes of action, is otherwise frivolous or filed for an improper purpose.

Similarly, the Court finds no support for Defendant Peña's conclusory allegations that the proposed settlement agreement was filed pursuant to "a pattern of vexatious and abusive litigation." Mot. at 2; *see also Aetna*, 855 F.2d at 1476 (holding that a motion or paper, "other than a complaint," that is "filed in the context of a persistent pattern of clearly abusive litigation activity" will "be deemed to have been filed for an improper purpose and sanctionable," and noting that "there comes a point when successive motions and papers

become so harassing and vexatious that they justify sanctions even if they are not totally frivolous"). Thus, Defendant Peña presents no facts to support her burden.

Accordingly, consistent with this Court's March 27, 2026 Order, the Motion is **DENIED** as to HOA's complaint and proposed settlement agreement.

3. Sanctions Based on the Bonfa Declaration

Defendant Peña also moves for sanctions based on the Bonfa Declaration, arguing it misrepresents Defendant Peña's actions, misleads the Court, and abuses the litigation processes by requesting terminating sanctions against Defendant Peña for an improper purpose. *Id*. at 2–3.

Defendant Peña fails to show how the Bonfa Declaration was frivolous or filed for an improper purpose. Contrary to Defendant Peña's argument, the Bonfa Declaration did not request sanctions against Defendant Peña for her opposition to the Settling Parties' motion for good faith settlement. The Bonfa Declaration took issue with Defendant Peña's alleged failure to "comply with [outstanding] discovery requests" and "two prior court orders regarding discovery," not the mere fact of Defendant Peña's opposition in and of itself. Bonfa Decl. ¶ 9. The Bonfa Declaration advised the Court that Defendant Peña's failure to comply with discovery is "prejudicing [Plaintiff HOA's] ability to enter into a settlement with Casanet" in light of the "unfounded arguments supporting [Defendant Peña's] opposition to the [Settling Parties'] Motion for Good Faith Settlement with Casanet." *Id*. at ¶¶ 8–9. Based on these allegations, the Bonfa Declaration requested either an order from the Court compelling Defendant Peña to comply with discovery or, alternatively, "that it be allowed to proceed with motions for terminating sanctions against [Defendant Peña]" prior to the Court's consideration of the then-pending motion for good faith settlement "so that the settling parties are not prejudiced by [Defendant Peña's] refusal to respond to discovery." *Id*. at ¶¶ 8–9.

Although the Court declined to consider Plaintiff HOA's requests in the Bonfa Declaration, ECF No. 52, the Court finds these allegations sufficient to show the Bonfa Declaration was filed based on genuine issues at stake in the litigation and not for an

improper purpose. In addition, based on the current record before the Court, including this Court's August 20, 2026, order granting in part and denying in part Plaintiff HOA's motion to compel discovery from Defendant Peña based on the same underlying conduct alleged in the Bonfa Declaration, *see generally* ECF No. 69, the Court finds that Plaintiff HOA's allegations were objectively reasonable and not "legally or factually baseless." *See Keegan*, 78 F.3d at 434 ("Because the frivolousness prong of Rule 11 is measured by objective reasonableness, whether [a party] actually relied on the cases [or factual basis] which show its claims aren't frivolous is irrelevant") (internal quotation marks and citations omitted).

Accordingly, the Motion is **DENIED** as to the Bonfa Declaration.

## CONCLUSION

Based on the foregoing, the Court HEREBY ORDERS that Defendant Peña's Motion for Sanctions is **DENIED**.

The Court **FURTHER ORDERS** Defendant Peña to fully and timely comply with all obligations relating to the remaining claims at issue in this litigation, pursuant to the Federal Rules of Civil Procedure, this Court's Local Rules, and any orders issued by this Court. *See Ghazali*, 46 F.3d at 54 ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); CivLR 83.11(a).

"**Failure to comply therewith may be ground[s] for . . . judgment by default**." CivLR 83.11(a) (emphasis added).

IT IS SO ORDERED.

DATED: September 11, 2026

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE